By the Court :
Both the plaintiff and defendant, in this case, claim upon a possessory title; neither of them pretend to be invested with the original right. The lessor of the. plaintiff being in possession, made a lease of the lot for one year, and the defendant came into possession under the lease. The plaintiff, therefore, insists upon the benefit of the rule, that a tenant, or person coming in under him, shall not be permitted to dispute the title of the landlord, or set up any objection to the right under which he entered. The defendant answers this position by claiming the benefit of another rule, equally well established, and forming an exception to the general operation of the first, which is, that where the landlord’s title expires subsequent to the demise, the tenant may show that fact to defeat an ejectment by the landlord.
The plaintiff’s counsel do not controvert the existence of the latter rule, but they insist that the evidence does not bring the ease within it; because no right or possession is shown to have been in Maguet. We think otherwise. Maguet was in undisputed possession; Devacht contracted with him for that possession, and entered under him. The possession of Devacht was, therefore, the possession of Maguet, and after his death, Devacht recognized the right, of possession to have been cast upon his son, and again agreed with him to continue it. Parol evidence was properly admissible *to explain the possession of Devacht, when that possession was not connected with any written title. As the possession of Devacht originated in parol, and was terminated by parol, no other evidence could exist to establish the one fact or the *54 other. We conceive that there was no error in admitting the evidence.
The next error complained of, is the rejection of the testimony-offered by the plaintiff by way of rebuttal. Supposing the fact proved that Devacht entered under Maguet and held possession under him, proof that Quieffe had no title could not be admitted, upon the very rule urged by the plaintiff himself. It would be to permit Devacht who held under Maguet to dispute Maguet’s title. If the fact of Devacht holding under Maguet was not proven, then Quieffe’s title was immaterial, because the plaintiff would be entitled to recover in virtue of his own possession. That part of the evidence offered was properly rejected. With respect to the evidence offered of twenty-five years’ possession, that, too, was immaterial, unless intended to establish a possession adverse to that of Maguet, which was not pretended, consequently it was rightly overruled.
It is alleged that as to the fact of the expiration of the estate or interest of Devacht before the suit brought, the jury found .against evidence.
The suit was commenced early in the year 1825. Nearly twelve months before this time, Devacht called upon Maguet to pay rent for the lot which he possessed as an equivalent for Devacht’s possession of the lot No, 59, and notified him that if he did not agree so to pay rent, that Devacht would rent his own lot to some other person. Accordingly, in May, 1824, he resumed the possession of his own lot, thus, by his own act, putting an end to the agreement for the exchange of possession. The law would not permit him, in such a case as this, to violate his part of the agreement, and at the same time enforce it against the other party. He can not be allowed to allege that such was his intention. The jury rightfully inferred that the agreement, and the right under it, was at an end. The motion for a new trial is overruled, and judgment given for the delendant.